

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00300-CV

**IN THE INTEREST OF H.B.C.**, S.C.C., and A.S.C., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-01024
Honorable H. Paul Canales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: August 21, 2019

AFFIRMED

Appellant Mom appeals the trial court's order terminating her parental rights to her children

H.B.C., S.C.C., and A.S.C.[i] Mom asserts the evidence is neither legally nor factually sufficient to

support the trial court's best interest findings.  We affirm the trial court's order.

### BACKGROUND

On May 11, 2018, based on a report of domestic violence, physical abuse, and illegal drug

use in the home, the Department was granted temporary sole managing conservatorship of the

children.  The children were removed from the home, and Mom was placed on a service plan.[ii]

---

[i] To protect the minors' identities, we refer to Mom and the children using aliases.  *See* TEX. R. APP. P. 9.8.

[ii] Because Mom is the only appellant, we recite just the facts that pertain to Mom or the children.

The teenage children were interviewed while Mom was in jail for assaulting her boyfriend. They reported that Mom had physically abused them, hitting them hard enough to leave marks and bruises, and Mom had offered H.B.C. marijuana. After one year, Mom had not completed her service plan. Citing grounds (D), (E), (N), and (O), and the best interests of the children, the trial court terminated Mom's parental rights to H.B.C., S.C.C., and A.S.C. Mom appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

## BASES FOR TERMINATING MOM'S PARENTAL RIGHTS

### A.      Mom's Course of Parental Conduct

The trial court found Mom's course of conduct met statutory grounds (D), (E), (N), and (O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O). On appeal, Mom does not challenge the trial court's statutory grounds findings.

### B.      Best Interests of the Children

Instead, Mom challenges the sufficiency of the evidence supporting the trial court's finding that terminating her parental rights is in her children's best interests. *See id.* § 161.001(b)(2). The Family Code statutory factors[5] and the *Holley* factors[6] for the best interest of a child are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interests of the children.

### C.      Witnesses at Trial

In a one-day bench trial, the trial court heard testimony from Alex Wilson and Jennifer Castillo, Department case workers. Mom had notice of the trial, but she did not appear in person. The trial court also received recommendations from the children's attorney ad litem. The trial

court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). We summarize the testimony below.

**D.     Mom's Plan Compliance**

The top three services that Mom was ordered to complete were a psychological evaluation, a drug assessment, and a domestic violence course. Mom completed the psychological evaluation and the drug assessment, but she did not comply with the respective recommendations and she did not participate in the domestic violence classes. Mom was ordered to submit to a hair follicle drug test, but she did not. Mom did not provide proof of a safe and stable home or proof of income. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (8), (10), (11), (12); *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (factors (B), (C), (D), (G), (H)).

**E.     Mom's Relationship with the Children**

Mom was authorized visits with the children, but two of the three refused her visits. The third child has special needs and is not able to clearly express herself. Mom was allowed to visit her, but Mom attempted to visit only once. The visit was cancelled because Mom attacked her own mother in the parking lot, and the police were called to intervene. Mom has also physically abused the non-special needs children, and they insist they do not want to be placed with Mom. They want to be adopted by their grandmother. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (3), (5), (7), (12); *Holley*, 544 S.W.2d at 372 (factors (A), (B), (C), (D), (H), (I)).

**F.     Children's Placement**

The children were immediately placed with the maternal grandmother, and they are now thriving. Grandma has a stable home, and she is providing for all the children's physical and emotional needs. The case worker concluded that allowing Grandma to adopt the children would be in the children's best interests. *See Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).

## G.    Ad Litem's Recommendations

The ad litem noted the teenage children are "very adamant" that they want Mom's parental rights terminated because she abused them and neglected their special needs sister.  The ad litem opined that it is in the children's best interests that Mom's parental rights be terminated.

### CONCLUSION

Considering all the evidence under the two evidentiary standards, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence, and the trial court could have formed a firm belief or conviction that terminating Mom's parental rights is in the children's best interests.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).  We affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence.  If the Department moves to terminate a parent's rights to a child, it must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code and terminating the parent's rights is in the best interest of the child.  TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).  The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2).  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b).  The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation.  *In re D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination.  The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria.  *See* TEX. FAM. CODE ANN. § 161.001(b).  Here, the trial court found Mom's course of conduct met the following criteria or grounds:

    (D)    knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

    (E)    engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . . .

    (N)    constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:

        (i)    the department has made reasonable efforts to return the child to the parent;

        (ii)    the parent has not regularly visited or maintained significant contact with the child; and

        (iii)    the parent has demonstrated an inability to provide the child with a safe environment;

    (O)    failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services

for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *In re J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *In re J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.

[5] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

(1) the child's age and physical and mental vulnerabilities;

(2) the frequency and nature of out-of-home placements;

(3) the magnitude, frequency, and circumstances of the harm to the child;

(4) whether the child has been the victim of repeated harm after the initial report and intervention by the department;

(5) whether the child is fearful of living in or returning to the child's home;

(6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

(7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

(8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;

(9) whether the perpetrator of the harm to the child is identified;

(10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

(11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12) whether the child's family demonstrates adequate parenting skills; . . . and

(13) whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018).

[6] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

(A) the desires of the child;

(B) the emotional and physical needs of the child now and in the future;

(C) the emotional and physical danger to the child now and in the future;

(D) the parental abilities of the individuals seeking custody;

(E) the programs available to assist these individuals to promote the best interest of the child;

(F) the plans for the child by these individuals or by the agency seeking custody;

(G) the stability of the home or proposed placement;

(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).